## Stacey v. Grosso

*B. L. Lemisch,* for plaintiff.

*J. B. Martin,* for defendant.

BOK, P. J., October 30, 1953.—Defendant seeks discovery in a negligence case. What he wants of plaintiff is: "What observations she made, what estimates of speed, what distances she made and what action she took in response thereto just prior to, during and fol-

lowing the accident." The object is to establish a prima facie case of contributory negligence.

We have no right to delimit the Rules of Civil Procedure, whose imprimatur by the Supreme Court not only sets their boundaries but presumably adopts the philosophy of the Procedural Rules Committee. We may not, therefore, extend them to where they are coextensive with the Federal rules. The petition before me is so bare that to grant it would lead me by the nose in that direction.

It is one thing to have a fact that the other party alone is known to have: a fairer fight can be had if all pertinent facts are on top of the table. It is another thing to have the adversary's version of a fact or an expression of his state of mind about it. It carries us a distance to admit that the state of a man's mind is as much a fact as the state of his stomach, but this only puts the case in the twilight zone where it should be watched the more carefully.

If a party has no witness to help him; if he were rendered instantly unconscious by the impact; if he were at a factual disadvantage in a number of ways that ingenuity could suggest, it would be fair to let him know the field he has to fight on. But it is not within the wisdom of the rules to give him an advantage in the choice of weapons. There is no allegation in the petition to indicate that defendant is at an actual disadvantage or that his desire to search plaintiff's mind is more than an effort to outfoot her at the trial.

He cited Stegmueller v. Cave, C. P. 6, June term, 1952, no. 6457. The petition there is the same as here, the difference being that petitioner was plaintiff, whereas here he is defendant. I sense a real difference between a case where a proper claim might go altogether unproved without help and a case where, for all I know, a defendant merely wants to match versions of the accident ahead of time. Without help from

petitioner, one must take the gloomy view, believing that the negatives so prominently set forth in Civil Procedure Rule 4011 should be dealt with somehow by a discoverer.

Without prejudice to defendant to file a more illuminating document, his petition is, for the nonce, dismissed.